IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL R. JACQUEZ,

        Plaintiff,

vs.                                             No. CIV 98-1473 MV/JHG

WESTERN TITLE COMPANY, a New
Mexico Corporation, ROBERT TINLEY,
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, and OTHER
DEFENDANTS YET NAMED,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment, filed May 25, 1999 [**Doc. 21**] and Defendant Old Republic National Title Insurance Company's Motion to Dismiss, filed April 1, 1999 **[Doc. 9]**. The Court, having considered the moving papers, relevant law, and being otherwise fully informed, finds that to the extent that the Motion for Default Judgment seeks the entry of a damages award at this stage, the motion is not well taken and will be **DENIED**. The Court further finds that the Motion to Dismiss is well taken and will be **GRANTED IN PART**, as explained below.

### BACKGROUND

Plaintiff Michael Jacquez ("Jacquez"), proceeding *pro se*, here brings suit against several Defendants alleging violations of RICO, 18 U.S.C. §§ 1961-1968. Although the Complaint is short on detail, it appears that Plaintiff's suit arises out of the failure of Defendants to successfully transfer title to Plaintiff on a home he purchased for renovation. Defendant Western Title Company failed to

file answer and, pursuant to motion of Plaintiff, the Court entered default judgment against the company on June 11, 1999 [**Doc. 22**].

Presently before the Court is a motion by Plaintiff to enter default judgment against Western Title Company in the amount of $3,000,000.00. Also before the Court is a motion to dismiss for failure to state a claim by Defendant Old Republic National Title Insurance Company.

## STANDARD OF REVIEW

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

**ANALYSIS**

1. **Motion for Default Judgment**

Plaintiff's Motion for Default Judgment has already been granted in that the Court did in fact enter default judgment against Western Title Company on June 11, 1999. However, to the extent that Plaintiff requests that the Court enter judgment against the company in the amount of $3,000,000.00, the motion must be denied. There are still two other named Defendants actively defending this case. It would be premature for this Court to enter judgment for a specific damages amount against any party at this stage. Further, the Court will not enter judgment in any amount without an evidentiary foundation. Thus, when liability has been determined as to all of the named Defendants, the Court will then hold a damages hearing in which all parties may present evidence. At this stage however, the Court must deny the request to enter judgment in the amount of $3,000,000 against an unrepresented party.

2. **Motion to Dismiss**

Defendant Old Republic National Title Insurance Company ("Old Republic") seeks dismissal on the grounds that the Complaint fails to state a claim against it. Old Republic points out that, other than the caption, it is not named anywhere in the Complaint. Indeed, the Complaint alleges absolutely no facts involving Old Republic. Instead, the Complaint contains merely generalized allegations that "Defendants engaged in fraud." An affidavit by David Rhodes, Vice President of Old Republic, states that the company issued a title insurance policy to Plaintiff, through Defendant Western Title Company. Western Title Company is an independent contractor and not an agent of Old Republic. Plaintiff has not made a claim against the policy and Old Republic had no other involvement in the

real estate transaction underlying the case. Thus, Old Republic asserts, Plaintiff has failed to sufficiently plead a claim against it.

In a complaint asserting fraud and violations of RICO, the facts establishing that fraud must be pled with particularity. Fed.R.Civ.Proc. 9(b); *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996); *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992-993 (7th Cir. 1991). In the present case, Plaintiff has failed to plead even the most basic facts explaining Old Republic's involvement in the alleged fraud. Even granting Plaintiff extra consideration as a *pro se* litigant, the current Complaint falls far short of the standard required.

However, because Plaintiff is proceeding *pro se*, the Court will grant him an opportunity to cure the defect in his Complaint. Plaintiff will have ten working days from the entry of this order to file a more definite statement, explaining Old Republic's involvement in the alleged fraud. If Plaintiff fails to file the more definite statement within the allotted time, Old Republic will be dismissed from the case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [**Doc. 21**] is hereby **DENIED** to the extent that it seeks an entry of damages at this time, and that Defendant Old Republic National Title Insurance Company's Motion to Dismiss **[Doc. 9]** is hereby **GRANTED IN PART**. Plaintiff will have ten working days from the entry of this order to file a more definite statement, explaining Old Republic's involvement in the fraud. If Plaintiff fails to file the more definite statement within the allotted time, Old Republic will be dismissed from the case.

_____
MARTHA VÁZQUEZ
DISTRICT COURT JUDGE