IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL R. JACQUEZ,

    Plaintiff,

vs.                                                                               No. CIV 98-1473 MV/JHG

WESTERN TITLE COMPANY, a New
Mexico Corporation, ROBERT TINLEY,
OLD REPUBLICAN NATIONAL TITLE
INSURANCE COMPANY, and OTHER
DEFENDANTS YET NAMED,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Defendant Old Republic's Renewed Motion to Dismiss, filed November 17, 1999 **[Doc. No. 37]** and Defendant's Motion to Strike Plaintiff's Response to Defendant Old Republic's Conversion of Motion to Dismiss to Motion for Summary Judgment (hereinafter "Defendant's Motion to Strike")**[Doc. No. 48]**. The Court, having considered the motion, all filed documents, relevant law, and being otherwise fully-informed, finds that the motions are well taken and will be **GRANTED**.

### BACKGROUND

Plaintiff Michael Jacquez ("Jacquez"), proceeding *pro se*, filed this suit against several defendants for violations of RICO, 18 U.S.C. §§ 1961-1968. Plaintiff alleges that Defendant Western Title Co. issued a fraudulent title policy that harmed the Plaintiff. This Court ordered a default judgment against Defendant Western Title Co. ("Western Title") on June 11, 1999 for failure to answer. Old Republic National Title Insurance Co. ("Old Republic") filed a Motion to

Dismiss on May 25, 1999 for failing to plead fraud with particularity under Rule 9(b) of the Federal Rules of Civil Procedure and failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court granted the motion in part, allowing Plaintiff ten working days to file a more definite statement to cure the defects of the complaint.

Rather than filing an amended complaint, Plaintiff filed a Response to Memorandum Opinion and Order and supporting Affidavit on August 16, 1999. Arguing that Plaintiff failed to cure the deficiencies of the complaint Defendant filed a Renewed Motion to Dismiss. After the standard response and reply had been filed, Plaintiff filed what was essentially a surreply entitled Response to Defendant Old Republic [sic] Conversion of Motion to Dismiss to Motion to Summary Judgment with supporting Affidavit on January 11, 2000. Finally, Defendant filed a Motion to Strike Plaintiff's Response to Defendant Old Republic's Conversion of Motion to Dismiss to Motion for Summary Judgment on January 28, 2000.

Essentially, Plaintiff alleges that Old Republic is liable for Western Title's actions under an agency theory. Old Republic claims that Plaintiff has failed to state with particularity how Old Republic is involved with the alleged fraud. Old Republic also claims that Plaintiff has failed to identify specific facts supported by evidence, affidavits, sworn statements, certified copies of documents or other materials suggesting a genuine issue for trial under Rule 56 of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Rule 9(b) of the Federal Rules of Civil Procedure require a plaintiff to plead the facts relating to a claim of fraud with particularity. Civil RICO claims involving allegations of fraud

must comply with Rule 9(b)'s requirement of pleading with particularity. *See Cayman Exploration Corp. v. United Gas Pipeline*, 873 F.2d 1357, 1362 (10th Cir. 1989). For 12(b)(6) motions, the *pro se* complaint is not held to the same stringent standards as formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must make all reasonable inferences in favor of the plaintiff. *See Monahan v. Dorchester Counseling Ctr.*, 961 F.2d 987, 988 (1st Cir. 1992). A motion to dismiss for failure to state a claim will be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957).

## ANALYSIS

As a preliminary matter, Jacquez apparently misunderstood Judge Galvan's order on October 18, 1999 and believed that the Court denied Old Republic's Renewed Motion to Dismiss. The Court will take the opportunity to explain that Judge Galvan's order did not address the issues the Court now addresses. Judge Galvan's order lifting the stay on discovery referred only to Old Republic's original Motion to Dismiss and the Court's Memorandum Opinion and Order granting the motion in part when it referred to pending dispositive motions.

The rationale behind Rule 9(b) is to provide the defendant with fair notice of the Plaintiff's claim and to safeguard a defendant's reputation from improvident charges of wrongdoing. *See O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2nd Cir. 1991). The Tenth Circuit has clearly stated that in order for a RICO fraud claim to survive a Rule 12(b)(6) motion, a plaintiff must allege fraud with particular facts. *See Cayman Exploration Corp.*, 873 F.2d at 1362. The plaintiff must accomplish pleading with particular facts by stating the "time, place and contents of the false representation, the identity of the party making the false statements and the

3

consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). Even when a plaintiff alleges that the RICO violation arises from an agency relationship, plaintiff must establish agency with specific facts. *See Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 783 (7th Cir. 1999) (holding that pleading an agency relationship with particularity required showing of actual or apparent authority of subsidiary to act on behalf of the principal).

Jacquez does not plead any facts relating to the time, place, contents of any false representation or the identity of the Old Republic representative making any false statements. Rather, he alleges an agency relationship between Western Title and Old Republic. Jacquez suggests that Western Title issued a title binder to Jacquez which Old Republic guaranteed in the form of a title policy. *See* Plaintiff's Response to Memorandum Opinion and Order, ¶ 2(b). Jacquez also alleges that Western Title and Old Republic had a financial relationship with regard to his title policy. *See id.* at ¶ 3. Finally, Jacquez alleges that Old Republic issued underwriting guidelines and work performance requirements to Western Title. *See id.* at ¶ 5. However, these allegations are insufficient to satisfy the heightened pleading standard for fraud with particularity through an agency relationship. The *Lachmund* court noted that the Defendant must know of or agree to the fraudulent activity in order to be liable under 18 U.S.C. § 1962(d). *Lachmund*, 191 F.3d at 785, n.12; *cf. Bancoklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1100 (10th Cir. 1999) (utilizing the "operation and management" test to determine whether a defendant has participated in the conduct of the affairs of a RICO enterprise). That Old Republic was an underwriter, had a financial interest and issued guidelines in no way establishes Old Republic's authorization of, knowledge of or agreement to a fraudulent activity. Jacquez states that Old Republic made a fraudulent contractual commitment in the form of a title (insurance) policy

4

delivered by Western Title. *See* Plaintiff's Reply to Defendant Old Republic (Renewed Motion to Dismiss), ¶9. Although the Court must make all reasonable inferences in favor of the plaintiff, the Court cannot accept conclusory statements that have no factual support. *See, e.g.*, *Swartz v. Schering-Plough Corp.*, 53 F. Supp. 2d 95, 99 (D.Mass. 1999).

The Court takes notice that the victims of fraud often cannot easily supply the details of the fraud. *See Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 882 (N.D. Ohio 1998). However, the seriousness of allegations of fraud and the potential for damage to a defendant's reputation also require that court impose strict standards upon complaints alleging fraud. Under a 12(b)(6) motion, the court will not dismiss a complaint upon a mere technicality, but rather considers the real issues of whether a defendant's reputation is in jeopardy and whether the plaintiff can prove any set of facts entitling him to relief. Under these circumstances, because Jacquez has asserted only conclusions, and has not submitted any specific facts indicating Old Republic's knowledge of, agreement to or authorization of fraudulent activity, even after an opportunity to cure the complaint's defects, Old Republic's motion must be granted. Because the Court finds that Jacquez does not state a claim upon which relief may be granted, the Court need not consider Old Republic's alternative argument for summary judgment.

Although the issue is moot given the Court's position on the 12(b)(6) motion, the Court finds that Plaintiff did not obtain leave of the Court to file a surreply on January 11, 2000, as required by local Rule 7.6(b), and therefore Defendant's Motion to Strike will be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion to Dismiss **[Doc. No. 37]** and Defendants Motion to Strike **[Doc. No. 48]** are hereby **GRANTED** and Defendant

Old Republic will be dismissed from the complaint with prejudice.

**DATED** this 2nd day of March, 2000.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE