IN THE UNITED STATES DISTRICT COURT'

FOR THE DISTRICT OF NEW MEXICO

MICHAEL R. JACQUEZ,

    Plaintiff,

vs.                                                               No. CIV 98-1473 MV/JHG

WESTERN TITLE COMPANY, a New
Mexico Corporation, ROBERT TINLEY,
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, and other
Defendants yet named,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Robert Tinley's Motion for Summary Judgment filed June 20, 2000 **[Doc. No. 61]**. The Court, having considered the motion, response, relevant law and being otherwise fully informed, finds that Defendant's motion is well taken and will be **granted.**

### BACKGROUND

Plaintiff, Michael Jacquez, filed his complaint on December 2, 1998, against Defendant Tinley and other defendants alleging a claim under Civil RICO 18 U.S.C. §§ 1961-1968. Although the facts presented to the Court are not clear, it appears that plaintiff alleges suit arises out of the failure of Defendants to successfully transfer title to Plaintiff on a home he purchased for renovation.[1] Defendant Western Title Company failed to file an answer and, pursuant to

---

[1] As evidence of how unclear Plaintiff has been in presenting the facts and allegations to support his case, Plaintiff's Response to Defendant Tinley's Motion for Summary Judgment indicates that Plaintiff is complaining

Plaintiff's motion, the Court entered default judgment against the company on June 11, 1999 [**Doc. 22**].

Plaintiff initially named Defendant Old Republic National Title Insurance Company ("Old Republic") in his complaint. Old Republic filed a motion to dismiss plaintiff's claim against it for failing to plead with particularity under Fed. R. Civ. P. 9(b) and for failure to state a claim for which relief could be granted. The Court granted the motion in part, and allowed plaintiff 10 days to file a more definite statement to cure the defects in the complaint. Rather than filing an amended complaint, plaintiff filed a Response to Memorandum Opnion and Order and supporting Affidavit. Arguing that plaintiff did not cure the deficiencies in the complaint, Old Republic filed a renewed Motion to Dismiss, which was converted into a Motion for Summary Judgment. Essentially, plaintiff argued that Old Republic was responsible for the fraud under an agency theory. Old Republic contended that although Old Republic was named in the caption, it was not mentioned anywhere in the complaint, and therefore plaintiff failed to state with particularity how Old Republic was involved in the alleged fraud. Old Republic also stated that plaintiff failed to identify specific facts supported by evidence, affidavits, sworn statements, certified copies of documents or other materials suggesting there was a genuine issue for trial under Fed. R. Civ. P. 56. This Court agreed and dismissed Old Republic as a defendant.

Defendant Robert Tinley filed a Motion for Summary Judgment on May 30, 2000. Plaintiff never responded to Defendant's motion, but instead filed a Motion to Strike Summary Judgment Motion and for Entry of Order to Compel Discovery for Sanctions and Attorneys Fees on July 7, 2000. Due to Plaintiff's then-*pro se* status, this Court issued an order on October 26,

---

that Western Title defrauded him as a creditor in the voluntary dissolution of the company. This is the first time Plaintiff raised that issue.

2000, giving Plaintiff 30 days to respond to Defendant's Motion for Summary Judgment. The Court directed Plaintiff to submit evidence with his Response to support his contentions. Plaintiff filed a Response to Defendant's Motion for Summary Judgment on November 27, 2000 ("Response").

## STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

## ANALYSIS

Plaintiff has presented <u>no</u> evidence to support his position that there is a genuine issue of material fact. The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

Not only has Plaintiff not presented any evidence to support his case, Plaintiff has not presented <u>any</u> evidence. Plaintiff has merely made conclusory statements that there will be evidence presented to show that Defendant Robert Tinley should be held responsible for the alleged fraud against Plaintiff. This is woefully insufficient and fatal to Plaintiff's claim against Defendant Tinley.

Defendant Tinley was a shareholder and director of Western Title Company, against whom a default judgment has been entered and who allegedly fraudulently failed to issue a title to Plaintiff. Plaintiff does not allege any specific facts against Mr. Tinley. Mr. Tinley states that he does not know Plaintiff nor has he ever conducted business with Plaintiff. Plaintiff seeks to hold Mr. Tinley responsible because he was a shareholder of the company. As defendant Tinley correctly points out, corporations are ordinarily treated as separate entities from the shareholders. Shareholders are generally not personally responsible for the corporation's actions. Plaintiff, in his Response, in which he was represented by counsel, does not address the standard for piercing the corporate veil. Plaintiff's Response merely makes conclusory allegations that summary judgment is not appropriate because there is a genuine issue of material fact. This is insufficient.

As the New Mexico Supreme Court has stated, "[o]nly under special circumstances will the courts disregard the corporate entity to pierce the corporate veil holding individual shareholders or a parent corporation liable. This is done where the corporation was set up for fraudulent purposes or where to recognize the corporation would result in injustice." *See Scott v. AZI Resources*, 753 P.2d 897, 900 (N.M. 1988) (citing *Scott Graphics, Inc. v. Mahaney*, 549 P.2d 623, 626 (N.M. Ct. App.), cert. denied, 551 P.2d 1369 (N.M. 1976)).  Piercing the corporate veil is an equitable remedy, which courts may impose only if three requirements have been satisfied: a showing of instrumentality or domination, improper purpose and proximate causation. *See Scott*, 753 P.2d at 900 (citing *Harlow v. Fibron Corp.*, 671 P.2d 40, 43 (N.M. Ct. App.), cert. denied, 671 P.2d 1150 (1983)).

Plaintiff's argument as to why Defendant Tinley should be held responsible for the acts of the corporation is that he is a shareholder and director.  The only remotely relevant fact that Plaintiff cites to is that Defendant Tinley had 16,000 shares of stock in Western Title Co., and that "Investment Company of the Southwest," of which Defendant Tinley and his wife were majority shareholders, was the sole shareholder of Western Title Company at the time of Western Title's dissolution.  However, the first requirement necessary to pierce the corporate veil, known in New Mexico as "the alter ego doctrine[,] is not implicated simply because the shareholder in question owns the vast majority of the corporation's stock." *Garcia v. Coffman*, 946 P.2d 216 (N.M. Ct. App. 1997) (citing *Southern Union Exploration Co. v. Wynn Exploration Co.*, 624 P.2d 536, 542 (N.M. Ct. App.1981).

In *Garcia*, the New Mexico Court of Appeals found that the following evidence was sufficient to prove the first prong of the piercing corporate veil test regarding the shareholder's domination and control of the company:

> Coffman was the sole shareholder. He established policies designed to limit the judgment of chiropractor employees and to mislead patients as to the need for treatment. Allied's board of directors was comprised of Coffman, his wife, his brother, and a select group of employees. Coffman's wife was appointed chief executive officer and boss of Allied without an election. Coffman and his wife determined all salaries. Coffman's 1991 salary of $600,000 was more than one-third of the total salaries paid to all employees. Coffman's wife's 1991 salary of $2,308 was increased to $660,008 in 1992. Coffman borrowed from and loaned money to Allied.

*Garcia*, 946 P.2d at 220. Plaintiff does not present or even allege any such involvement by Mr. Tinley.

As to the second prong - improper purpose - while Plaintiff has made allegations that Western Title was engaged in fraudulent activity, and that "sufficient evidentiary facts have been presented herein to show that this Defendant's involvement and knowledge in this case is much greater that [sic] he would have the court believe," Plaintiff's Response at 7. Plaintiff has in fact pointed to <u>no</u> facts to link Defendant Tinley to the fraud alleged to have been committed by Western Title (let alone the fraud that Western Title was supposed to have committed). Plaintiff's claim fails in the second prong, improper purpose, as well. *See Scott*, 753 P.2d at 901 ("Some form of moral culpability attributable to the parent, such as use of the subsidiary to perpetrate a fraud is required.").

With no evidence presented in the first or second prongs, Plaintiff has similarly failed in providing any evidence as to the final prong: proximate cause. In order to show proximate cause, "it is sufficient to show some knowing or cooperative effort between the related parties which results in unjust injury to the plaintiff, even though it may not be possible to prove that the defendant's control directly caused [the] plaintiff's injury." *Garcia*, 946 P.2d at 221 (citation omitted). The Court must reiterate that Plaintiff has provided no evidence of the relationship between Tinley and the allegedly fraudulent acts, let alone Tinley and Western Title, beyond mere

director and shareholder status.  Nor has plaintiff presented any evidence as to his injury. Plaintiff's contention fails on the third prong as well.

Because Defendant Tinley can only be responsible for the acts of the corporation Western Title if Plaintiff proves that the corporate veil should be pierced, and because Plaintiff has wholly failed to provide any evidence supporting such a theory, Plaintiff's claim must fail.  There is no genuine issue for trial, and Defendant Tinley will be dismissed with prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Defendant Robert Tinley's motion for summary judgment filed June 20, 2000 **[Doc. No. 61]** is hereby granted.  Defendant Robert Tinley is dismissed with prejudice.

DATED this 20th day of March, 2001.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

<u>Attorney for Plaintiff</u>
Stephen McIlwain

<u>Attorney for Defendant</u>
David Norvell