# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHAEL R. JACQUEZ,

    Plaintiff,

vs.                                           CIV No. 98-1473 MV/JHG

ROBERT TINLEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of Order Under Rule 60(B) **[Doc. No. 78]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## BACKGROUND

Plaintiff Michael R. Jacquez filed a Complaint *pro se* against Defendants Western Title Company ("Western Title"), Robert Tinley, and Old Republic National Title Insurance Company ("Old Republic"), alleging racketeering activity, fraud and conspiracy, mail fraud, wire fraud, obstruction of justice, violation of the Hobbs Act, and the use of an illegal financial enterprise to further interstate commerce. In the Complaint, the cause of action appears to have resulted from Defendants' failure to successfully transfer title to Plaintiff on a home he purchased for

renovation. However, in Plaintiff's Response to Defendant Tinley's Motion for Summary Judgment, Plaintiff claimed for the first time that Defendant Western Title defrauded him as a creditor in the voluntary dissolution of the company. As a consequence, the exact nature of Plaintiff's injury and the facts in support of his claim have never been set forth clearly in pleadings to the Court.

Defendant Western Title failed to answer the Complaint, and, pursuant to Plaintiff's motion, the Court entered a default judgment against this defendant on June 11, 1999 **[Doc. No. 22]**. On March 2, 2000, the Court dismissed Defendant Old Republic from this action with prejudice. **[Doc. No. 54]**. On March 20, 2001, the Court granted Defendant Tinley's Motion for Summary Judgment, thereby dismissing him with prejudice as a party to this action **[Doc. No. 75]**.[1] Plaintiff filed a Motion for Reconsideration of Order Under Rule 60(b) on September 19, 2001, claiming relief from the Court's March 20, 2001 Order on the grounds that the Court's ruling was a mistake of law, Defendant Tinley committed fraud on the court, and the judgment is void.

### STANDARDS

A motion to reconsider is governed by Rule 60(b), as opposed to Rule 59(e), of the Federal Rules of Civil Procedure when it is not filed within 10 days of the judgment. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rules 60(b)(1), (3) and (4) give

---

[1]It should be noted that in an Order, dated October 26, 2000, the Court gave Plaintiff 30 days to respond to Defendant's Motion for Summary Judgment due to his *pro se* status. **[Doc. No. 72]**. Plaintiff was later represented by counsel in his Response to Defendant's Motion for Summary Judgment.

the Court authority to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . fraud . . . , misrepresentation, or other misconduct of an adverse party; [or if] the judgment is void . . . ." Fed. R. Civ. P. 60(b)(1), (3), (4). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver*, 952 F.2d at 1243 (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). Moreover, "a 60(b) motion cannot be used as a substitute for appeal." *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1357 (10th Cir. 1985).

The Court may grant relief under Rule 60(b)(1) only in two instances:

> (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citation omitted); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). "[W]hen Rule 60(b)(1) is used to challenge a substantive ruling by the district court," the motion must be "filed within the time frame required for the filing of a notice of appeal." *Cashner*, 98 F.3d at 578. Thus, the requirement that "the motion shall be filed within a reasonable time" has been construed "to be contemporaneous with the time constraints for taking a direct appeal." *Id.* (citations omitted); *see also Orner v. Shalala*, 30 F.3d 1307, 1309–10 (10th Cir. 1994); *Morris,* 758 F.2d at 1358. Even if a Rule 60(b)(1) motion is timely filed, "such relief is available only for obvious errors of law, apparent on the record." *Van Skiver*, 952 F.2d at 1244.

In a Rule 60(b)(3) motion, the moving party must prove "by clear and convincing evidence . . . an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme." *Yapp*, 186 F.3d at 1231 (citations and quotations omitted). The Tenth Circuit has articulated the following definition of "fraud on the court":

> Fraud on the court . . . is fraud which is directed tothe [sic] judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury . . . . It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted.

*Switzer v. Coan*, 261 F.3d 985, 988 (10th Cir. 2001) (quoting *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995)).

"A judgment is void for Rule 60(b)(4) purposes if the 'rendering court was powerless to enter it.'" *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)). "[J]udgment is not void merely because it is erroneous, but only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Arthur Andersen & Co. v. Ohio (In re Four Seasons Secs. Laws Litig.)*, 502 F.2d 834, 842 (10th Cir. 1974) (citation omitted). "In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *Airco*, 597 F.2d at 225.

## DISCUSSION

Plaintiff contends that the Court should grant him relief from its March 20, 2001 Order, which dismissed Defendant Tinley as a party to this action, because the Court's ruling was a

mistake of law, Defendant Tinley and his attorneys committed fraud on the Court, and the judgment is void. As further explained below, the Court finds all of these contentions to be entirely baseless and without merit.

**I.      Rule 60(b)(1)—Mistake of Law**

Plaintiff claims that "there has been repeated error and mistake by the court" because it "repeatedly disregarded the fraud allegations even when the exact basis for the fraud allegations were [sic] given." (Pff's Mot. at 1–2.) Aside from the fact that Plaintiff's arguments are conclusory, with absolutely no analysis and no legal or factual support, the Court cannot even entertain this contention because the Motion was filed on September 19, 2001—nearly six months after the Court entered its March 20, 2001 Order. Because Plaintiff did not file his Motion "within the time frame required for the filing of a notice of appeal," *Cashner*, 98 F.3d at 578, this basis for reconsideration must automatically fail.

**II.     Rule 60(b)(3)—Fraud on the Court**

Plaintiff has accused Defendant of committing fraud on the court by "represent[ing] to the court that he was merely a director of Western Title, with no shared interest in the company, when in fact it was one of his companies who [sic] actually owned Western Title." (Pff's Mot. at 2.) However, the Court notes that Defendant clearly conceded in his Motion for Summary Judgment that "at all material times, [he] was a shareholder of Western Title Company." (Brief in Support of Motion for Summary Judgment at 1, *Jacquez v. Western Title Co.* (D.N.M. 2000) (CIV No. 98-1473 MV/JHG).) Instead of meeting his burden to prove "by clear and convincing evidence . . . an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme," *Yapp*, 186 F.3d at 1231, Plaintiff has utterly failed to indicate any

fraud whatsoever by Defendant or his counsel.

**III.     Rule 60(b)(4)—Void Judgment**

In his Motion, Plaintiff merely states in a cursory manner that he "believes he has [sic] legal right to declare the order and judgment of the court void under FRCP 60(B)(3) (4) [sic]." (Pff's Mot. at 2.)  A judgment is void "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Four Seasons*, 502 F.2d at 842 (citation omitted).  Plaintiff has not alleged that the Court lacked jurisdiction of any kind in this action.  Moreover, Plaintiff has not claimed that the Court acted in any manner inconsistent with due process.  Therefore, the Court finds that Plaintiff's declaration to void the Court's March 20, 2001 Order is wholly improper.

**IV.     Rule 11 Sanctions**

In his Response to Plaintiff's Motion for Reconsideration, Defendant argued that the allegations contained in Plaintiff's Motion, including the fraud allegations already addressed above, "are absurd, without merit, and subjects Plaintiff to sanctions as contemplated by Rule 11, unless withdrawn."  (Def's Resp. at 1.)  The Court does not take Plaintiff's baseless accusations lightly and agrees with Defendant that they are entirely without merit.  However, the Court does not believe that Plaintiff's actions rise to the level of sanctions.  Plaintiff and his counsel should, nevertheless, carefully consider the merit of any future accusations before presenting them to a court of law.  Plaintiff's counsel is himself an officer of the court and should conform his arguments to the responsibilities of that honored position.

## CONCLUSION

The Court wants to emphasize again that all of Plaintiff's claims in his Motion for Reconsideration were entirely without merit. Plaintiff's Motion contained no legal analysis and no factual or legal support for his mere cursory accusations. In future submissions to any court of law, Plaintiff and his counsel must place more thought into the merits of their claims, and be more thorough in their presentations, before calling upon the resources of the judicial system or be subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of Order Under Rule 60(B) **[Doc. No. 78]** is hereby **DENIED**.

Dated this 24th day of September, 2002.

MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney(s) for Plaintiff(s):
Stephen E. McIlwain, Esq.

Attorney(s) for Defendant(s):
David L. Norvell, Esq.